OPINION
Appellants Corey Michael Spencer and Jennifer Spencer Swint appeal a judgment of the Knox County Common Pleas Court dismissing with prejudice their complaint against appellee Dr. Joseph H. Nussbaum and Knox Gynecological Specialists:
 I. THE TRIAL COURT ERRED IN NOT HOLDING THE APPELLEE AND THE OIGA BOUND BY THE PARTIES SETTLEMENT WHICH TOOK PLACE PRIOR TO THE REHABILITATION AND LIQUIDATION ORDER OF THE P.I.E. MUTUAL INSURANCE COMPANY.
 II. THE TRIAL COURT ERRED IN FINDING THAT THE EXHAUSTION CLAUSE OF OHIO REVISED CODE 3955 WAS APPLICABLE, VALID, AND CONSTITUTIONAL.
 III. THE TRIAL COURT ERRED IN FINDING THAT THE FAILURE OF THE APPELLANT TO "EXHAUST" RECOVERY WITH THE NON-P.I.E. SETTLING TORTFEASOR, FOREVER BARS RECOVERY FROM THE APPELLEE, PERSONALLY.
On January 29, 1996, appellants filed a complaint alleging medical malpractice against appellees and Knox Community Hospital. The matter proceeded to mediation. Appellee were insured by P.I.E. Mutual Insurance Company, and the hospital was insured by the Ohio Hospital Insurance Company (OHIC). Appellants and both insurance companies reached agreement on a settlement proposal on October 27, 1997. The hospital's policy with OHIC provided a liability limit of $1,000,000 per incident, as well as an umbrella policy with additional limits of $10,000,000 per incident. Pursuant to the settlement proposal, P.I.E. and OHIC were to pay appellants a total of $2,250,000, a portion of which was to fund a structured settlement. Although appellants were not aware of specific amounts to be paid by each insurer, P.I.E. agreed to pay $750,000, and OHIC agreed to pay $1,500,000. On December 13, 1997, the superintendent of the Ohio Department of Insurance filed a complaint against P.I.E. in the Franklin County Common Pleas Court, seeking appointment of a rehabilitator to reorganize and/or liquidate P.I.E. An agreed order filed in the Franklin County Common Pleas Court on December 15, 1997, stayed for 90 days any actions pending in any court in which P.I.E. was a party or was obligated to defend a party. Pursuant to this order, P.I.E., which was obligated to defend appellees in the instant action, filed a notice of stay in the Knox County Common Pleas Court on December 17, 1997. On January 20, 1998, the court stayed the instant action for a period of 90 days beginning December 15, 1997. At the time of the stay, the exact terms of the structured settlement had not been formalized, nor had the settlement been approved by the Knox County Probate Court. The Franklin County Common Pleas Court later extended the stay until June 15, 1998. On February 23, 1998, appellants filed a motion to reduce the settlement to judgment as to the hospital only. Appellants thereafter withdrew the motion, explaining to the court that the hospital had recently reached a financial settlement with them, and funded such settlement. Appellants dismissed with prejudice their complaint against the hospital. Appellants filed a motion to reduce the settlement with appellees to judgment. Subsequently, the Ohio Insurance Guarantee Association (OIGA) took over the defense of appellees. After the proceedings were once again stayed based on an order of liquidation of the Franklin County Common Pleas Court, the trial court denied appellant's motion to reduce the settlement to judgment against appellees, finding that appellants failed to exhaust all available insurance. The trial court issued findings of fact and conclusions of law on December 23, 1999. The court found that the settlement reached by the parties on October 27, 1997, was a valid and enforceable agreement. However, the court held that as the result of appellants' entry into the March 20, 1998 settlement agreement with OHIC, appellants failed to exhaust all available insurance to satisfy their claim as mandated by R.C.3955.13 (A). The court concluded that appellants waived their right to recover from OIGA, and waived their right to recover from appellees personally. The court dismissed with prejudice all of appellants' claims against the appellees.
 I and II
We address the first two assignments of error together. Appellants first argue that the court erred in failing to hold appellees and OIGA bound by the parties' October 27, 1997, settlement. R.C.2111.18 permits the guardian of an injured minor child to settle an existing claim with the advice, approval, and consent of the probate court, when the amount of the proposed settlement is greater than $10,000. Because the October 27 proposal was not submitted to and approved by the probate court, the proposal was not enforceable as a final settlement agreement. Therefore, appellants' renegotiation and settlement with the hospital in April, 1998, was tantamount to a recission of the October 27, 1997 settlement proposal. While the court erred in finding the proposal was a valid and enforceable settlement, the court did not err in failing to bind the parties by the settlement proposal. Appellants also argue that the court erred in finding the exhaustion language in R.C. 3955.13 to be applicable, valid, and constitutional. R.C.3955.13 (A) provides: Any person having a covered claim upon which recovery is also presently possible under an insurance policy written by another insurer shall be required first to exhaust his rights under such other policy.
In Vickers v. Howe (1998), 123 Ohio App.3d 456, this court considered the applicability of the statute to a case involving joint tortfeasors. In Vickers, we concluded that the mere fact that more than one company with a solvent insurer may be involved does not alter the interpretation of the language contained in R.C. 3955.13 (A). Id. at 461. We concluded that absent a specific provision in the statute providing for a different result when more than one tortfeasor is involved, the exhaustion of all rights of recovery against any solvent insurance company involved in the claim is mandatory, before OIGA is responsible in damages. Id. Therefore, the court did not err in concluding that having failed to exhaust all rights of recovery against the hospital's solvent insurer, appellants were prohibited from recovery from OIGA. Appellants argue that the interpretation of the statute espoused by this court in Vickers violates public policy favoring settlement. For the reasons stated in Vickers, supra, page 462-63, we reject this policy argument. Appellants next argue that the exhaustion requirement ignores contribution rights, in that it compels a co-tortfeasor to make contributions beyond his proportionate share of liability. Again, this claim was raised and rejected in Vickers. Id. at 462. Finally, appellants argue that the exhaustion requirement unconstitutionally interferes with the right of contract between an insurer and its insureds, in violation of Section 28, Article II of the Ohio Constitution. Appellants argue that under the terms of standard insurance contracts, the insurance carrier typically has an obligation to exercise good faith concerning the propriety of settlement discussions. Appellants argue that the exhaustion clause would, in essence, interfere with the contractual obligations between a carrier and its insured by interfering with that settlement process. Appellant has not demonstrated any unconstitutional interference with contract. As we have held earlier that the exhaustion requirement does not violate public policy by discouraging settlement, the requirement does not constitute an unconstitutional interference with contract concerning settlement. The first and second assignments of error are overruled.
 III
Appellant argue that the court erred in finding that appellants' failure to exhaust the liability limits of the hospital barred any recovery from appellees personally. We agree. In Vickers, supra, this court unanimously determined that a physician whose insurer became insolvent could be personally liable for any amount beyond the $300,000 available from OIGA. Id. at 463-64. Therefore, in the instant case, appellant may seek recovery from appellees personally for any amount exceeding the $300,000 limit, and the court erred in dismissing the complaint with prejudice against appellees personally.
The judgment of the Knox County Common Pleas Court is affirmed in part, reversed in part, and remanded for further proceedings according to law, and consistent with this opinion.
Gwin, P.J., Hoffman, J., and Edwards, J., concur